**SNYDER v SNYDER**

Juvenile Court, Greene Co.

Decided June 8, 1940.

D. M. Aultman, Xenia, for plaintiff.
Morris D. Rice, Osborn, for defendant.

**OPINION**

By HENRIE, J.

A petition was filed in the Juvenile Court of Greene County, Ohio, on March 12, 1940, setting forth that the parties were divorced and that at the time of the granting of said divorce, plaintiff was awarded the custody of the following minor children: John William, aged seven; Alice Marie, age twelve; Samuel C., age fifteen; and Pauline Louise, age seventeen.

Plaintiff further sets forth in her petition that the custody of Samuel C. and Pauline Louise Snyder was granted to the parents of the said defendant and that shortly thereafter these two children returned and resided and are solely supported by the plaintiff and that she has spent $150 for such care and support. Wherefore, plaintiff prayed for a judgment against Oris H. Snyder in the sum of $150, that the custody of Samuel C. Snyder and Pauline L. Snyder be granted to this defendant, that said defendant be required to contribute a reasonable amount toward the support of said children; that the former order of said court be modified and that said Oris H. Snyder be required to contribute a reasonable amount each week for the support of John William and Alice Snyder and for such other relief that may be equitable and proper.

To this petition a demurrer was filed stating the following two reasons, towit:

1. The court has no jurisdiction of the matters alleged in the petition herein.

2. That the facts stated do not constitute a cause of action in this court.

Upon consideration, the court is of the opinion that the answer to one question will dispose of this matter. The question is, does the Juvenile Court have jurisdiction to render a money judgment? Upon oral argument, neither counsel submitted any statute or case pertinent to this issue.

The court, examining §1639-16 GC, finds no authority for this court to render a money judgment. The court does have authority to order a parent to pay for the support of his minor children, and can enforce such an order by use of a jail sentence as punishment. In no instance is this court familiar with any authority that gives the Juvenile Court power to render a money judgment. Therefore, the demurrer to the petition will be sustained by this court.